IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TELEDYNE TECHNOLOGIES INCORPORATED, a Delaware Corporation, dba TELEDYNE ELECTRONIC MANUFACTURING SERVICES, | ) ) ) ) ) ) | |
| | ) | Case No.  15-cv-01392 |
| Plaintiff, | ) ) ) | Hon.  Judge  Ronald A Guzman |
| v. | ) ) | Magistrate Judge Young B. Kim |
| RAJ SHEKAR, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTIONS FOR
TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY**

This matter having come before the Court on February 17, 2015, for the emergency motions of Plaintiff Teledyne Technologies Incorporated ("Teledyne") for Temporary Restraining Order and for Expedited Discovery, notice having been given to Defendant as evidenced by the Defendant's unauthorized email to the Court dated February 17, 2015, a hearing having been held, and the Court being fully advised and with good cause:

Based on the evidence presented by Teledyne, which consists of a Verified Complaint, this Court finds a substantial likelihood that Teledyne will succeed on the merits of one or more of its causes of action.  The evidence before the Court indicates that Defendant Raj Shekar ("Defendant"), without authorization, and in violation of his contractual obligations, intentionally took and converted Teledyne's confidential and trade secret information and property, including quote files, pricing formulas, technical specifications, a laptop computer, a VPN token, a projector, and a printer/scanner.  The evidence also supports a finding that after being

1

terminated, Defendant, without authorization, sent an email to a potential customer of Teledyne, implied that he was a current employee of Teledyne, and provided a falsified and inflated price quotation purportedly on Teledyne's behalf. The evidence also indicates that after Defendant's employment was terminated, he has repeatedly tried to access and has accessed Teledyne's confidential and proprietary quote files, and intentionally deleted and rendered inaccessible files on Teledyne's computer system. These actions, if proven, will very likely result in a finding of liability against Defendant on some or all of Teledyne's claims. The Court gives little weight to Defendant's description of events in his unauthorized February 17, 2015, email to the Court, which establishes that Defendant had knowledge of the hearing.

1. The Court finds that Teledyne lacks an adequate remedy at law and would suffer irreparable harm in the absence of a Temporary Restraining Order. Teledyne has presented sufficient evidence to show that its trade secret and confidential information, information systems, customer and potential customer relationships, its reputation, and its business operations are at risk due to Defendant's actions and threatened actions. In this situation, the threat of irreparable harm is significant.

2. The balance of harms weighs in favor of a Temporary Restraining Order and for expedited discovery. Teledyne has shown a meaningful risk of irreparable harm, and Defendant does not have a meaningful risk of irreparable harm. Indeed, other than the minor inconvenience of being required to turn over documents and property belonging to Teledyne and, temporarily, his own personal computers and other devices, Defendant stands to suffer no perceptible harm, and will suffer no economic hardship as a result of this Order.

3. The public interest is served by granting a Temporary Restraining Order, as the public interest is served by the protection of parties' confidential and/or trade secret information, the protection of information systems from unauthorized access and harm, and the protection of

reasonable business relations from wrongful interference and deceptive trade practices.

4. Due to the severity of Plaintiff's claims, the Court finds that expedited discovery is of absolute necessity.

For the foregoing reasons, Plaintiff's Motions for a Temporary Restraining Order and for Expedited Discovery are granted and IT IS HEREBY ORDERED that:

(a) Defendant, and anyone acting in concert with him, is hereby enjoined from using, or disclosing any of Teledyne's confidential, proprietary, and/or trade secret information;

(b) Defendant, and anyone acting in concert with him, is hereby enjoined from accessing or attempting to access Teledyne's information technology systems, including without limitation its server and network;

(c) Defendant, and anyone acting in concert with him, is hereby enjoined from acquiring or attempting to acquire Teledyne's confidential, proprietary, and/or trade secret information;

(d) Defendant, and anyone acting in concert with him, is hereby enjoined from representing himself as employed by or otherwise affiliated with Teledyne;

(e) Defendant, and anyone acting in concert with him, is hereby enjoined from communicating false information about Teledyne's quotes or its bidding and quote process to any customer or potential customer of Teledyne;

(f) Defendant, within five (5) days of entry of this Order, must return to Teledyne, without retaining any copies, all information, data, files, and other Teledyne property in his possession, custody, or control relating in any way to Teledyne or its business, including without limitation Teledyne's quote files, laptop computer, VPN token, projector, and printer/scanner. Defendant, within two (2) days of entry of this Order, must contact Aviva Grumet-Morris at

(312) 558-8825 or Benjamin Ostrander at (312) 558-3263, both attorneys at Winston & Strawn LLP, and follow their reasonable instructions for the return of this property;

(g) Defendant, within five (5) days of entry of this Order, must provide to Teledyne verified interrogatory responses identifying with particularity all remote storage systems, computers, hard drives, servers, disk drives, flash drives, cellular telephones, cds, dvds, usb drives, and any other devices that can be used to electronically store data or information that are (i) currently accessible by Defendant or in Defendant's possession, custody or control, or (ii) have been accessible by Defendant, or in Defendant's possession, custody or control, at any time since July 1, 2013. With respect to any devices identified in (b)(ii), the interrogatory responses must explain, if applicable and in detail, why each such devices is no longer accessible by Defendant, or in Defendant's possession, custody or control, and what information was contained on each such device. The interrogatory responses must also specify all passcodes, passwords, or decryption keys necessary to access and examine such devices and systems. The interrogatory responses must further specify whether Defendant has, at any time, given or transmitted or offered to give or transmit any of Teledyne's information or documents to any third-party, and, if so, must identify with specificity: (x) the information or documents so given or transmitted; (y) the name, address and telephone number of the third party or parties to whom the information or documents were given or transmitted; and (z) the date, time and method by which the information or documents were given or transmitted;

(h) Subject to paragraph (f) above, Defendant shall preserve all documents (including electronically stored information), devices, equipment, and materials in whatever form that are or could be relevant to the allegations of the Verified Complaint, and Defendant shall not alter,

delete or destroy any such documents, devices, equipment and materials in any form;

(i) Defendant, within five (5) days of service of this Order, shall provide to Teledyne a declaration certifying his compliance with paragraphs (f) and (h) above;

(j) Teledyne may conduct any necessary third-party discovery.

(k) Teledyne shall post an injunction bond in the amount of $10,000, which the Court considers sufficient to pay for the costs and damages that would be sustained by Plaintiff, if any, if it is determined that Plaintiff has been wrongfully enjoined.

This order shall remain in effect until close of business February 27, 2015

.

Entered on this 17th day of February, 2015    Judge: _____
                                                   Honorable Ronald A Guzman