IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TELEDYNE TECHNOLOGIES INCORPORATED, | ) ) ) ) | Case No. 1:15-cv-01392 Judge Ronald A. Guzman |
| Plaintiff, | ) ) | |
| v. | ) ) | FILED |
| RAJ SHEKAR, | ) ) | 3.2.15 MAR 0 2 2015 |
| Defendant. | ) | |

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### SUPPLEMENT TO MOTION TO VACATE

### and STATEMENT as to Compliance of TRO

NOW COMES the defendant, Raj Shekar ( Shekar) with his special and limited appearance, and without waiving his rights objecting to this court jurisdiction in this case and continue to object this court jurisdiction, file this SUPPLEMENT TO MOTION TO VACATE. Irrespective of the pending motion to vacate the TRO and notice of appeal, Shekar also make a STATEMENT to this court as to the compliance of the TRO :

1. In motion to vacate filed on February 23, 2015, Shekar had stated that he was aware and had first hand knowledge of the TRO only on February 21, 2015

2. Motion to vacate also state that the material evidence in a Federal criminal investigation against Teledyne , the laptop- which was "peacefully seized" , is in possession and custody of the United States dept of Justice and Dept of Defense criminal investigators, who are investigating the plaintiff Teledyne and its officers, employees' criminal violations threatening national and homeland security. Attached is **Exhibit A** attesting the laptop is in Dept of Defense custody.

1

3. As to remaining items- a mini projector and Printer, Shekar had offered monetary restitution for the depreciated value of these items. Shekar had lost the mini carry-on projector in a business trip either in an Airport or in a rental car. Shekar had offered cash restitution for the depreciated value of the mini projector and printer . The shipping cost on printer will exceed far more than the depreciated value of the printer.

4. The VPN token which is just a two dollar value plastic piece is to be retained as material evidence for DoD criminal investigation against Teledyne to show that Shekar could not have had access to the server after 9.43 A.M of February 3, 2015 , by proving from the last *pass code* combination stored in the VPN token, which will be forensically retrieved by DoD investigators. The passcode can't be used as is anyway and is used in combination with laptop which was disabled since 9.43 A. M of February 3, 2015 . However, plaintiff, who has full control of the server and the laptop can create an illusion that Shekar was logged , in order to defraud this court .

5. Shekar has evidence of a phone call made to IT help desk of Plaintiff as to Shekar's inability to log in to his computer on February 3, 2015.

6. Shekar further affirmatively states again that he had no access to Teledyne server since February 3, 2015 morning from 9.43 A.M.

7. Shekar clarifies this court and affirmatively states again, as to his compliance to TRO, that Shekar has no one acting in concert with him, are using, or disclosing any of Teledyne's alleged confidential, proprietary, and/or trade secret information , if any.

8. Shekar states again that he **do not have in his possession** any data, files, and /or any other Teledyne Property in his possession, custody, or control relating in any way to Teledyne or its business, quote files and have nothing to return. As to items Laptop, Printer projector , are already addressed in the foregoing paragraph 3 .

9. Shekar states again that he do not have any Teledyne information stored in any storage systems, hard drives, servers, disk drives, computers, flash drives, cds, dvds, usb drives, et; al.

10. Shekar states again no interrogatories were served on him; no summons served on him or notice of any TRO motion served on him or summons served on him.

11. Shekar is in no violation of any part of the TRO, though it is wrongfully entered and Shekar had timely filed a motion to vacate the orders of February 17, 2015.

12. Additionally the jurisdiction this court is challenged and Shekar had filed a notice of appeal docketed in Court of Appeals under 15-1340.

13. Appellant is asked by the Court of Appeals to file a Jurisdictional Memorandum by March 6, 2015

14. The subject matter of appeal is attacking the jurisdiction, and this court is divested of jurisdiction to hear any matters in this case and any hearings related to this matter as of Notice of Appeal date of February 20, 2015. Third, Fourth, Seventh, Tenth, and Eleventh Circuits viewed that the filing of a notice of an (interlocutory appeal) is an event of jurisdictional significance that *divests the district court of jurisdiction*. See *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 262 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.,* 413 F.3d 1158, 1162–63 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1253 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network,* 128 F.3d 504, 507 (7th Cir. 1997); see also *Bombadier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924, at 1 ((D.C. Cir. Dec. 12, 2002)

15. A motion to dismiss for lack of federal jurisdiction is also pending in this court.

16. Pending the outcome of the appeal on the jurisdictional issue and decision on Court of Appeals according jurisdiction, Shekar will decide on contesting the jurisdiction through a

3

counsel, in appellate court or alternatively ( if Court of appeals did not accord jurisdiction ) and if summons served on Shekar , Shekar will contest in district court as to its jurisdiction through a counsel appearance . Shekar has sought 60 days lave to seek a counsel in either case.

17. The only information Shekar has on this matter is based an envelope which was laying on a street and which contained the TRO handed over to Shekar by a stranger on February 21, 2015 as stated in original motion to vacate . Shekar filed pleadings based on this knowledge.

18. An emergency motion to stay proceedings is District court is filed with as with Court of Appeals attached here as Exhibit B.

Respectfully submitted,

Raj Shekar

CSA Ltd
P.O.Box 681085
Schaumburg
Il 60168-1085

4

# EXHIBIT A

[Blank Defense Criminal Investigative Service Evidence Property Receipt form]

IN THE UNITED STATES COURT OF APPEALS
SEVENTH CIRCUIT

Case no: 15-1340

Raj Shekar,     )
                )
　　Appellant/Defendant,  )
                )
v.              )     Case No. 15-cv-01392
                )
Teledyne Technologies,  )
                )
　　Appellee /Plaintiff .  )

## EMERGENCY MOTION TO STAY PROCEEDING IN DISTRICT COURT

Now comes the appellant with his EMERGENCY MOTION TO STAY PROCEEDINGS IN DISTRICT COURT and in support thereof state as follows:

1. A notice of appeal is filed on February 20, 2015 challenging the **subject matter jurisdiction** of the case in Federal court. The appeal can not wait until a final order on the case as that would make the jurisdictional challenge a moot. .

2. This appeals court has asked the appellant to file a jurisdictional memorandum. Until the jurisdictional memorandum is filed and ruled upon , this court of appeals retain appeal jurisdiction .

3. Third, Fourth, Seventh, Tenth, and Eleventh Circuits viewed that the filing of a notice of an (interlocutory appeal ) is an event of jurisdictional significance that *divests the district court of jurisdiction* . See *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 262 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162–63 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer*


EXHIBIT `B'

*Network,* 128 F.3d 504, 507 (7th Cir. 1997); see also *Bombadier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924, at 1 ((D.C. Cir. Dec. 12, 2002)

4. Additionally , appellee , Teledyne Technologies operates a wholly owned d/b/a and alter ego , pseudonym Teledyne Storm Microwave located at 10221 Werch Drive , Woodridge, ILLINOIS. There is no TOTAL DIVERSITY for Teledyne to be heard in this District court. The case must be dismissed for lack of Federal Jurisdiction.

5 Additionally, Teledyne Electronic Manufacturing services, another alter ego, alias, and d/b/a of Teledyne Technologies conducts extensive business in Illinois with a customer Northrop Grumman for many years which is located in Rolling Meadows, Cook County, Illinois. Shekar was a Senior manager at Teledyne Electronic Manufacturing services.

6. Even pursuant to Illinois Long Arm statutes and Illinois Supreme court rules , plaintiff can have valid jurisdictional forum only in an Illinois State court in Cook county .

7. The dollar value is arbitrarily 'made up' by plaintiff /appellee to fraudulently gain entry into Federal court and to defraud this court by the Plaintiff. Plaintiff cannot even prove one dollar of damage before a Jury Trial . There is no foothold of any facts as to damages.

8. No summons served on defendant on this law suit. No motion for TRO noticed to defendant .

9. There is no TOTAL DIVERSITY to accord Federal jurisdiction of this case.

10 .Appellant has a high probability and likelihood of winning the appeal challenging the subject matter jurisdiction.

11. Moreover the underlying district court case was filed by the plaintiff/appellee for the sole purpose to thwart a Federal criminal investigation by the United States Dept.of Defense and United States Dept.of Justice .

12. The *exparte* TRO seeking to return a material evidence –laptop, was sought by the appellee only for the sole purpose to destroy a material evidence in a Federal criminal investigation against the appellee.

13. The plinitff/appellee and its attorneys are also subject of a Federal criminal investigation for obstruction of justice and attempt to destroy a material evidence in a Dept.of Defense investigation.

14. The district court is aware of the obstruction of justice by the plaintiff by seeking a TRO for destruction of material evidence and the district court by wrongfully allowed a TRO *exparte*, to return a laptop, a material evidence in a Dept of Justice and Federal criminal investigation.

15. The district court is fully aware that the material evidence –laptop is in Dept of defense criminal investigation unit possession and custody through appellant /defendant motion to vacate docketed with the clerk.

16. Knowing fully well that Appellant do not have the possession of laptop which had been seized by the Dept of Defense criminal investigation bureau, see Exhibit A, the district court continue to hear matters related to TRO which will irreparably harm the appellant; prejudice his appeal on subject matter jurisdiction and allowing proceedings to continue in district court will encourage further threats, harassment and intimidation by the district court and obstruct justice.

WHEREFORE, appellant requests this honorable court to order the district court to immediately stay all proceedings in District court until the jurisdictional memorandum is ruled upon by this Court of appeal retaining appeal jurisdiction.

Respectfully submitted,

_____
Raj Shekar
Appellant