```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

TELEDYNE TECHNOLOGIES              )   Docket No. 15 C 1392
INCORPORATED, a Delaware           )
Corporation, d/b/a TELEDYNE        )
ELECTRONIC MANUFACTURING           )
SERVICES,                          )
                                   )
                 Plaintiff,        )   Chicago, Illinois
                                   )   February 27, 2015
       v.                          )   10:11 a.m.
                                   )
RAJ SHEKAR,                        )
                                   )
                 Defendant.        )


              TRANSCRIPT OF PROCEEDINGS - Status
           BEFORE THE HONORABLE RONALD A. GUZMÁN


APPEARANCES:


For the Plaintiff:   WINSTON & STRAWN LLP by
                     MS. AVIVA GRUMET-MORRIS
                     35 W. Wacker Drive
                     Chicago, IL 60601-9703



Court Reporter:      LAURA R. RENKE, CSR, RDR, CRR
                     Official Court Reporter
                     219 S. Dearborn Street, Room 1432
                     Chicago, IL 60604
                     312.435.6053
                     laura_renke@ilnd.uscourts.gov
```

```
1          (In open court.)
2              THE CLERK:  All rise.
3        (Call to order.)
4              THE CLERK:  15 C 1392, Teledyne Technologies v.
5    Shekar.
6              MS. GRUMET-MORRIS:  Good morning, your Honor.  Aviva
7    Grumet-Morris on behalf of plaintiff.
8              THE COURT:  Good morning.
9              What news do you bring?
10             MS. GRUMET-MORRIS:  Well, defendant appears to be
11   filing multiple things in the court.  We have not yet
12   successfully served him.  We have made diligent efforts.  At
13   least eight times a process server has gone out.  We have
14   retained a Cook County Sheriff to serve him.  We've retained a
15   private --
16             THE COURT:  Little bit louder, please.
17             MS. GRUMET-MORRIS:  We've retained a Cook County
18   Sheriff, as well as a private investigator, to attempt service.
19             We've also asked him to accept service, and we've not
20   heard back from him on any of those.  Directly, I should say.
21   He has sent a few e-mails to other members of our firm that are
22   harassing and threatening, and so I just wanted to also let you
23   know, your Honor, that we would be filing likely later today a
24   motion relating to those communications.
25             THE COURT:  Well, what jurisdiction do we have over
```

1   this man?
2         MS. GRUMET-MORRIS:  Well, for subject matter
3   jurisdiction, your Honor, we have federal question --
4         THE COURT:  No.  I mean personal jurisdiction.
5         MS. GRUMET-MORRIS:  We have personal jurisdiction,
6   first of all, in the fact that Mr. Shekar resides in Cook
7   County.
8         As far as the TRO and any preliminary injunction,
9   there's no need to have had service perfected.  In fact,
10  Rule 65 talks about notice or lack of notice to the defendant.
11  It doesn't speak in terms of service.
12        In this case, however, Mr. Shekar clearly has actual
13  notice of these proceedings.  He has actual notice of the
14  order.  Even if you only look at his filings, he filed a notice
15  of appeal of your Honor's order on February 20th.  So at least
16  as of last Friday, he was well aware.
17        He admits in his own pleadings that at the latest, he
18  was aware by February 21st.  Despite our efforts to make
19  contact with him to force compliance with the order, he doesn't
20  respond to any of the attorneys of record.
21        And then, your Honor, we will be I anticipate today
22  filing a motion for rule to show cause as to why he shouldn't
23  be held in contempt because not only has he not complied with
24  the order, but he also says in various of his filings that he
25  won't -- he has the property and he won't turn it over.

1         THE COURT: Has he filed an actual notice of appeal?
2         MS. GRUMET-MORRIS: He has. He filed that on Friday,
3    the 20th. The 7th Circuit -- it was posted to the ECF I
4    believe on Monday the 23rd. The 7th Circuit has issued an
5    order stating that it does not appear that there's appellate
6    jurisdiction as, in fact, TROs are not appealable. But they
7    have given him until I believe March 6th to file a brief
8    explaining what the basis of appellate jurisdiction is.
9         THE COURT: So if I have the record correctly, he has
10   filed a notice of -- from what you're telling me, he has filed
11   a notice of appeal with the 7th Circuit without ever having
12   appeared before this Court.
13        MS. GRUMET-MORRIS: That's right, your Honor.
14        And, your Honor, may --
15        THE COURT: In his notice of appeal, does he
16   acknowledge receipt of this Court's order?
17        MS. GRUMET-MORRIS: He does not expressly. However,
18   he is appealing "all orders from February 17th, 2015." The
19   only order your Honor entered that date was the TRO. It's
20   possible that the plural "orders" may reflect or refer to the
21   minute entry that your Honor entered, which we have also served
22   on him along with the TRO.
23        I should note that we served the TRO at least five
24   times in the form of e-mails, UPS, and messenger. We also
25   attempted to serve it by Federal Express but were informed by

1  Federal Express that they do not deliver to him.  They won't
2  deliver to him.
3              THE COURT:  That they won't deliver to him?
4              MS. GRUMET-MORRIS:  Yeah.  The -- according to the
5  Federal Express security individual with whom my associate
6  spoke, there was some past conduct by the defendant that caused
7  him to -- caused FedEx to say that they refused to deliver.
8  We've now switched to UPS.
9              THE COURT:  Do you think you should warn UPS?
10             MS. GRUMET-MORRIS:  Well, we tried to call UPS to make
11 sure that they would deliver to him, but we've not gotten a
12 call back.  So far we've not received anything back from UPS.
13             However, again, we've certainly varied the ways that
14 we're sending these to him: e-mail, messenger being the other
15 forms.  And, again, based on his filings, not just his notice
16 of appeal, but as you saw, the three filings that he made
17 yesterday, he very clearly has knowledge of the TRO, as well as
18 knowledge of the contents.
19             THE COURT:  Okay.  So what do you want us to do today?
20             MS. GRUMET-MORRIS:  We would like to extend the TRO.
21 As yet, he hasn't complied.  As I mentioned, we certainly will
22 be filing a motion to try and force that compliance.  But, at a
23 minimum, to continue it for all the reasons that your Honor
24 recognized last time.  They all continue to be in effect.
25             In addition, the fact that he refuses to comply with

1   it, refuses to turn over property and -- and refuses to comply
2   with the other provisions, even to provide assurances that he
3   is retaining, not destroying, property that belongs to our
4   client, certainly doesn't provide much comfort.
5           THE COURT:  When are you going to file documents to go
6   forward with a preliminary injunction?
7           MS. GRUMET-MORRIS:  Well, we were hoping to have
8   him -- you're speaking about a request to establish a date?
9   I'm sorry.  What's --
10          THE COURT:  Yeah, notice and a date.
11          MS. GRUMET-MORRIS:  Well, we're hoping as soon as we
12  can get the information from the defendant, as soon as we can
13  get that, we can really begin preparing our case for the
14  preliminary injunction.  Unfortunately --
15          THE COURT:  What's going to happen if you don't get
16  the information?
17          MS. GRUMET-MORRIS:  Well, we'll -- we'll have to
18  proceed with the preliminary injunction hearing.  However, that
19  effort is greatly hampered.  Our evidence is greatly hampered
20  by the fact that he's refusing to comply and turn it over.  Our
21  hope is when we file our motion for your Honor to issue a rule
22  to show cause that that will force the issue.
23          THE COURT:  Well, what I'm hoping to avoid is having
24  you come in here on the 19th day of this TRO seeking a
25  preliminary injunction and asking us to rule on it in a few

1  hours.  That's what I'm seeking to avoid because you never know
2  what my ruling will be.
3              MS. GRUMET-MORRIS:  I'm sorry.  I didn't hear you.
4              THE COURT:  Because you never know what my ruling will
5  be under those circumstances.
6              So I suggest you file your motion for preliminary
7  injunction with whatever documentation you've gathered to date
8  and set it for a hearing before the expiration of the extension
9  of your TRO.
10             And that will give you a lot of time as well to
11 attempt to serve notice on him of the preliminary injunction
12 hearing date.  It will also give the Court an opportunity to
13 review your motion for preliminary injunction, with sufficient
14 time to make an appropriate ruling.
15             That's what I suggest.
16             MS. GRUMET-MORRIS:  Your Honor, the motion that we
17 initially filed was both for emergency temporary restraining
18 order, as well as a preliminary injunction.
19             THE COURT:  Yes, but it doesn't contain all that's
20 happened since then, does it?
21             MS. GRUMET-MORRIS:  Okay.  It does not.
22             THE COURT:  And I think what's happened since then is
23 rather important.
24             MS. GRUMET-MORRIS:  And then just to clarify, your
25 Honor, are you suggesting that we try to hold the preliminary

1  injunction hearing before the termination of the -- of the TRO
2  extension or just --
3         THE COURT:  Well, the TRO automatically expires at
4  20 days.  So why would you want to hold the hearing after the
5  TRO had expired?
6         MS. GRUMET-MORRIS:  Well, I -- I thought the TRO
7  expires at 28 days, and then -- that was my understanding.
8         THE COURT:  Oh, yeah.  You're right.
9         MS. GRUMET-MORRIS:  And then I --
10        THE COURT:  Well, wait.  Wait, wait, wait, wait, wait.
11 What's the rule say?  I can't remember.  It used to be 10, and
12 now I think it became 14.  You tell me.
13        MS. GRUMET-MORRIS:  It says -- this is Rule 65(b)(2):
14 "The order expires at the time after entry—not to exceed
15 14 days—that the court sets, unless before that time the court,
16 for good cause" --
17        THE COURT:  Yeah, so it should have been 14 days on
18 the first, but we only set it for 10.  So that only allows us
19 one extension.  Should have been 14 and 14.  I think that 10
20 comes from old language.
21        So we'll grant your motion today for 14 days from
22 today's date.
23        THE CLERK:  That will be March 13th.
24        THE COURT:  Okay.  Extend it to March 13th.  And, of
25 course, it's up to you, but if you want continuous injunctive

1  relief, that preliminary injunction order would have to be
2  entered at or before --
3              MS. GRUMET-MORRIS:  And, your Honor --
4              THE COURT:  -- the end of business on March 13th.
5              MS. GRUMET-MORRIS:  Okay.  And my understanding was
6  that a TRO after 28 days is automatically converted into a
7  preliminary injunction.
8              THE COURT:  It is, but then it has to meet all the
9  requirements of a preliminary injunction.  And I'm not at all
10 sure that my articulation on the record for a TRO is something
11 you'd want to stand on in the appellate court.
12             MS. GRUMET-MORRIS:  I understand.  Okay.
13             THE COURT:  Although my articulations do tend to be
14 pretty good.
15             MS. GRUMET-MORRIS:  I agree with that.
16             THE COURT:  Okay.  So we'll give this a status hearing
17 of March 13th.  If you come in before that on a motion, we will
18 hear it.
19             What time, Carole?
20             THE CLERK:  Just a second, please.
21             10:30.  March 13th at 10:30.
22             THE COURT:  Anything else?
23             MS. GRUMET-MORRIS:  That's it, your Honor.
24             THE CLERK:  Excuse me, Judge.  I'd like to make that
25 10:00.

```
1                THE COURT:  Okay.
2                THE CLERK:  10:00.
3                THE COURT:  10:00 it is.
4                MS. GRUMET-MORRIS:  Thank you.
5           That's it.  Thank you so much.
6                THE CLERK:  Court stands recessed until 10:30.
7        (Concluded at 10:26 a.m.)
8                       C E R T I F I C A T E
9        I certify that the foregoing is a correct transcript of the
10   record of proceedings in the above-entitled matter.
11
12   /s/ LAURA R. RENKE_____          March 15, 2015
     LAURA R. RENKE, CSR, RDR, CRR
13   Official Court Reporter
```