# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TELEDYNE TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-1392 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| RAJ SHEKAR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Teledyne's motion for a protective order [97] is granted. Defendant Raj Shekar is hereby enjoined from: (1) threatening opposing counsel, court staff, or witnesses in this case with arrest or criminal prosecution, investigation, or indictment related to statements or testimony made or anticipated in connection with this case; and (2) otherwise engaging in threatening, intimidating, or abusive communications with such individuals.

## STATEMENT

Plaintiff Teledyne Technologies, Inc. ("Teledyne") brought this suit against Defendant Raj Shekar ("Shekar"), seeking injunctive relief relating to the return of Teledyne property and confidential information following Shekar's termination. (Compl., Dkt. # 1.) This matter is before the Court on Teledyne's May 22, 2015 motion for a protective order, based on the allegation that Shekar has attempted to intimidate witnesses against him by threatening them with criminal prosecution. (Mot. Protective Order, Dkt. # 97.)

## Background

On March 5, 2015, Teledyne moved for a preliminary injunction ordering Shekar to turn over all Teledyne information and property in his possession. (Mot. Prelim. Inj., Dkt. # 54.) In support of this motion, Teledyne submitted the declaration of a third-party witness, Robert Noe. (First Noe Decl., Dkt. # 55-2, Ex. 4.) In this declaration, Noe related that in January 2015, he provided Shekar with confidential and trade secret information to allow Teledyne (then still Shekar's employer) to bid on manufacturing Noe's recent invention. (*Id.* at ¶¶ 3-4.) The declaration went on to describe harassing and threatening communications Noe received from Shekar after the latter's termination from Teledyne. (*Id.* at ¶ 6.)

On May 22, 2015, Teledyne moved for a protective order based on Shekar having attempted to intimidate Noe. (Mot. Protective Order, Dkt. # 97.) In another declaration attached to this motion, Noe states that he received a letter by fax on May 21, 2015. (Second Noe Decl., Dkt. # 97-1, at ¶ 3.) This letter was signed by Shekar and was addressed not to Noe himself but to the Chief of Police of Ventura County, California, where Noe resides. (*Id.*) In the letter, Shekar claims that Noe's earlier declaration was perjured and that Noe has accepted bribes to lie to the Court, and urges the Chief of Police to arrest and charge Noe. (*Id.* at Ex. 1.) The letter refers to Noe by various insults, including calling Noe a "felon," a "dirty old salesman," and a "crazy 82-year old jerk." (*Id.*) The letter mentions Noe's home address and states that Shekar has "more information on Noe including a picture of him," and insists that if the Ventura County Police do not arrest Noe, Shekar will nonetheless have him brought "in handcuffs and shackles" to Illinois. (*Id.*) Noe's declaration relates that he feels harassed and threatened by the letter, particularly as he is a single parent and is very concerned that Shekar has discovered his home address. (*Id.* at ¶¶ 6-7.)

**Discussion**

District courts enjoy the inherent power to sanction litigants before them for bad-faith litigation tactics and to ensure the orderly disposition of cases. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Protective orders are a legitimate use of this power, and the district court has wide discretion to decide when a protective order is appropriate and what degree of protection is required. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Teledyne requests an order barring Shekar from harassing or threatening witnesses, particularly by accusing witnesses of perjury and suggesting that he will have them arrested or prosecuted. Were this Shekar's first foray into such tactics, the Court would hesitate to issue such an order out of concern for his right to free speech. Unfortunately, it is not; Shekar has made similar threats of criminal prosecution against essentially everyone involved in this case. (*See, e.g.*, Dkt. # 1-1 at Ex. M (email from Shekar purportedly to Illinois Attorney General, demanding felony charges against Teledyne employees and cc'ing those employees); Dkt. # 39-2, at Ex. 1-2, (email from Shekar to Teledyne's counsel threatening federal criminal indictment); Dkt. # 60, at Ex. B (email to U.S. Attorney General demanding impeachment and criminal indictment of the Court and its staff).) In light of Shekar's repeated attempts to escape unfavorable testimony, filings, and rulings by bullying others into silence with threats of prosecution, good cause exists to place reasonable limits on his ability to harass and threaten others. *See Nieman v. Grange Mut. Ins. Co.*, 2012 WL 3779090, at *2 (C.D. Ill. Aug. 31, 2012) ("It is a very serious matter to accuse a witness of committing perjury or related crimes"). Other courts in this district have, when confronted with similar conduct, not hesitated to impose sanctions. *See, e.g.*, *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 2002

WL 1433717, at *13 (N.D. Ill. July 2, 2002) (sanctioning litigant who sent opposing party's employees and counsel letters threatening indictment for perjury and obstruction of justice).

Shekar offers five arguments why the Court should not issue a protective order enjoining him from engaging in similar conduct in the future. None of his objections has merit. First and most colorable is Shekar's argument that a party "is not entitled to [a] protective order to prevent another citizen from reporting a crime he committed." (Resp., Dkt. # 109, at ¶¶ 9, 22.) This is a reasonable position, but Shekar misapprehends the requested relief. The Court is not considering whether to enjoin Shekar from reporting crimes, but whether to enjoin him from threatening individuals with prosecution in an attempt to bully them into submission. If Shekar sincerely believes that crimes are committed by anyone associated with this litigation, he is free to report such belief to the relevant authorities – provided he does not copy the targets of his complaints on such reports in an effort to intimidate them.

Second, Shekar argues that he never intended to contact Noe and the fax – meant only for the Ventura County Police – was sent to Noe inadvertently by a "third party." (Resp., Dkt. # 109, at ¶ 16.) This assertion is difficult to credit given that Shekar fails to offer any explanation as to how or why Noe's fax number could have been mistakenly used. It becomes *impossible* to credit when considered in light of Shekar's established modus operandi of intimidation; as noted above, he has three times previously copied his target on communications purportedly addressed to enforcement authorities.

Third, Shekar asserts that the Court has no jurisdiction to enter an order for Noe's benefit because Noe lives in California and "Plaintiff's counsel has not filed any appearance on his behalf." (*Id*. at ¶¶ 10-11.) To the extent that Shekar suggests the Court may only enter orders to protect a party, he is mistaken. Courts regularly issue orders intended to protect nonparty

witnesses from harassment and tampering at the hands of a litigant. *See, e.g.*, *Ramsey v. Broy*, No. 08-C-0290, 2010 WL 1251199, at *4, 6 (S.D. Ill. Mar. 24, 2010) (sanctioning plaintiff for tampering with witnesses); *Quela v. Payco-Gen. Am. Credits, Inc.*, No. 99-C-1904, 2000 WL 656681, at *6-8 (N.D. Ill. May 18, 2000) (same).

Fourth, Shekar suggests that the protective order sought is improper because "[p]rotective orders are sought only amongst family members, divorced spouses, etc." (Resp., Dkt. # 109, at ¶ 13.) This is simply incorrect. Shekar cites no authority for the proposition that protective orders are available only in the context of domestic disputes. In fact, Shekar himself cites several cases involving protective orders in commercial litigation. (*See id.* at ¶ 23) (citing *In re Continental Ill. Sec. Litig.*, 732 F.2d 1302, 1311 (7th Cir. 1984) and *Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 389 (D. Utah 1991).)

Finally, Shekar suggests that Teledyne's motion must be denied as an "abuse and overstretch of Rule 26(c)." (Resp., Dkt. # 109, at ¶ 25.) The motion is not brought under Rule 26(c), however. Rule 26(c) governs protective orders in the context of discovery, while this motion was brought requesting that the Court exercise its inherent power to control the conduct of litigants.

Accordingly, Teledyne has shown good cause why Shekar should be enjoined from harassing and threatening individuals involved in this litigation. Shekar is ordered to refrain from: (1) threatening opposing counsel, court staff, or witnesses in this case with arrest or criminal prosecution, investigation, or indictment related to statements or testimony made or anticipated in connection with this case; and (2) otherwise engaging in threatening, intimidating, or abusive communications with such individuals. Nothing in this order shall be construed as

limiting Shekar's ability to participate in this litigation by communicating with witnesses or with Teledyne, so long as such communication is not threatening or harassing.

## CONCLUSION

For the reasons above, Teledyne's motion for a protective order [97] is granted. Defendant Raj Shekar is hereby enjoined from: (1) threatening opposing counsel, court staff, or witnesses in this case with arrest or criminal prosecution, investigation, or indictment related to statements or testimony made or anticipated in connection with this case; and (2) otherwise engaging in threatening, intimidating, or abusive communications with such individuals.

**SO ORDERED.**                                  **ENTERED:   June 17, 2015**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**