IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TELEDYNE TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, Counter Defendant , | ) | |
| | ) | |
| | ) | Civil Action No. 15 CV 1392 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| | ) | |
| RAJ SHEKAR, | ) | |
| | ) | |
| | ) | |
| Counter Plaintiff/Defendant . | ) | |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S
PRODUCTION OF SERVER LOGS AND RELATED DOCUMENTS**

The defendant, Raj Shekar ("Shekar"), by and through his attorney, Joseph R. Ziccardi,

hereby moves this Honorable Court for entry of an order compelling plaintiff's production of

server logs and related documents. In support hereof, Shekar states as follows:

1. On August 12, 2015, Shekar filed an Emergency Motion Seeking an Evidentiary

Hearing on the Pro Se Motion Previously Filed to Lift the Compliance Order to Produce Two

Western Digital External Drives (Dkt 159). The crux of Shekar's emergency motion was to seek

an evidentiary hearing with respect to the Court's order for Shekar to turn over two Western

Digital external hard drives which, according to plaintiff, had allegedly been attached to Shekar's

Teledyne laptop computer following the termination of his employment on February 3, 2015.

2. Shekar, through his prior counsel, previously requested that plaintiff produce all of

its server logs from its various locations, including Tennessee and other locations, which Shekar

contends would show that upon termination of Shekar's access to Teledyne's servers, the laptop

was rendered inaccessible, thereby making it impossible for Shekar to have connected any

external hard drives to his Teledyne laptop after February 3, 2015.

3. In particular, Shekar's prior counsel on several occasions requested, via letter,

email and phone calls, that plaintiff produce the following documents:

a. Copies of Teledyne's server logs from July 1, 2013 (Shekar's start of employment) through February 20, 2015 (the date Shekar turned over the laptop to the Inspector General of Defense Criminal Investigative Services);

b. Emails or communications between counsel for Teledyne and FTI Consultants relating to the examination of the forensic image of the Teledyne laptop;

c. Notes of all employees of FTI Consultants, including plaintiff's expert, Daniel Roffman, relating to the examination of the forensic image of the Teledyne laptop;

d. Documents plaintiff's counsel provided to Daniel Roffman prior to his April 30, 2015 testimony;

e. Documents relating to the process of imaging the Teledyne laptop; and

f. Any forensic report prepared by plaintiff's expert, as referenced in his testimony at the April 30, 2015 hearing.[1]

Notwithstanding the requests of Shekar's prior counsel, plaintiff has not produced any of

the documents requested by Shekar, even though such documents are relevant to the issues raised

in Shekar's Emergency Motion. As set forth more fully herein, these documents would enable

Shekar to prove he could not access the laptop after his termination on February 3, 2015; if he

could not access the laptop, he could not connect external hard drives to it as plaintiff contends.

---

[1] Plaintiff's counsel has advised that plaintiff's expert did not prepare a report with his findings in this matter. Roffman testified, in response to the Court's inquiry whether data was uploaded or downloaded to Shekar's computer, that he recall whether the "report indicated a distinction between uploading something versus downloading." *See*, Transcript, 4/30/15, p. 96, line 24-25. If the "report" Roffman refers to is actually Teledyne's server logs, this is further justification for plaintiff to produce the server logs for Shekar's review and analysis. Similarly, if it refers to a

4.      Upon his termination on February 3, 2015 at 9:28 a.m., Teledyne took the following security measures to terminate Shekar's access to Teledyne's servers:

- Disabled Shekar's access to emails by disabling his password;

- Disabled Shekar's access to network folders by disabling the VPN token password which allowed Shekar to remotely access with his laptop to Teledyne's network folders;

- Disabled the Teledyne laptop password when Shekar tried to reboot as advised by the IT help desk;

- Teledyne has a 15-minute "security lockout feature" which disables all access by an employee to the company laptop if there was no activity on the laptop for 15 minutes.  Once logged out, the employee had to enter the login password for the laptop to continue using the laptop.

5.      As a result of the security measures, Shekar's VPN token pass code was disabled as of 9:28 a.m. on February 3, 2015.  Exhibit A attached hereto, which is a screenshot of Shekar's laptop as of that time, confirms that the main network folders were inaccessible, as they were "Xed" out when the VPN token pass code was disabled.  Plaintiff's expert, Daniel Roffman, testified he could not determine what the files shown on Exhibit A were, but believed them to be shortcuts.  However, shortcuts do not contain files; rather, Exhibit A is a list of files on Shekar's laptop to which he was locked out, which appear with customers' names designated in the folder. These file folders in column 2 of Exhibit A identify that these are not "shortcuts" as testified to by Roffman but main folders which were disabled when Shekar was locked out of his laptop.

6.      Teledyne's server logs will show the exact time Shekar's access to his emails and Teledyne's servers was terminated.  The server logs will also show the time when Shekar's

forensic report of Roffman's findings, the report is also relevant to the issue in Shekar's Motion, and the report should be produced as requested.

password to his laptop was disabled, thereby rendering it impossible for Shekar to view any information on any alleged external drive connected to his laptop since the laptop could not recognize any external media once it had been disabled by Teledyne.  After his password was disabled, Shekar could only see a black screen.  As Shekar testified, after turning the laptop off and on as directed by Teledyne computer support personnel, Shekar could not access the laptop since his password had been disabled.  Plaintiff's expert Roffman did not know when Shekar's access was disabled.  The server logs will conclusively establish this issue; since Teledyne is solely in possession and control of such information, it should not be allowed to refuse production of it, even if it would be beneficial to Shekar's defense.

7.      Production of Teledyne's server logs from July 1, 2013 will also establish that numerous external media were connected to Shekar's laptop from the time Teledyne prepared the laptop for Shekar's use.

8.      Absent plaintiff's production of the documents requested above, Shekar has no ability to obtain them, as Teledyne controls and possesses such documents.  Shekar is faced with sanction by this Court, and grave threats to his freedom, if he fails to comply with this Court's prior orders to produce the Western Digital external hard drives.  Shekar should be given every opportunity to establish that the connection of such drives was impossible, and the documents requested herein will help him do so.

WHEREFORE, the defendant, Raj Shekar, respectfully requests that this Honorable Court order the plaintiff to produce the documents requested in paragraphs 3(a) – 3(f) above, and grant such other relief as this Court deems necessary and appropriate.

Respectfully submitted,


      s/ Joseph R. Ziccardi
Attorney for Defendant


Joseph R. Ziccardi, Esq.
**ZICCARDI LAW OFFICES**
77 W. Washington, Suite 705
Chicago, Illinois  60602
(312) 372-3477