**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TELEDYNE TECHNOLOGIES INCORPORATED,** | ) ) | |
| Plaintiff, | ) ) | No. 15-cv-1392 |
| v. | ) ) | Judge Ronald A. Guzmán |
| **RAJ SHEKAR,** | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The defendant has filed a motion to stay the enforcement of this Court's money judgment pending his appeal. For the reasons given below, the motion [325] is granted conditioned upon the defendant's filing of a supersedeas bond in the full amount of the judgment ($441,617.38) plus one year's interest and $500.00 in conformance with Local Rule 62.1.

## STATEMENT

In his filings, which he affirmed at the initial court hearing on this motion on July 11, 2017, Mr. Shekar alleges that he is in a state of financial ruin and has limited financial resources or assets. He claims he will be forced to file bankruptcy prior to the conclusion of the citation proceedings in this case. Unfortunately, his only support for these contentions is his own affidavit. His motion includes no independent documentation or corroboration regarding his finances, specifically his current assets and liabilities. As the Court pointed out at the hearing, Mr. Shekar's factual allegations have proven to be wholly unreliable in the past. For this reason, the Court directed Mr. Shekar to provide opposing counsel with documentary evidence supporting his assertions so that the plaintiff could verify Mr. Shekar's assertions of pending insolvency. To date, Mr. Shekar has produced no such documentation.

In view of this lack of documentation, the Court is not convinced that Mr. Shekar's financial situation is as he alleges. In addition, judging from the manner in which Mr. Shekar has conducted himself to date, the plaintiff will be faced with an extremely difficult collection process, which the defendant will likely do his best to impede in every way possible. As fully detailed in previous filings in this case, Mr. Shekar has falsely denied the existence of documents and objects, and misrepresented material facts on occasions almost too numerous to count. There is no reason to believe he will conduct himself otherwise during collection proceedings.

On the other hand, if Mr. Shekar's allegations of financial ruin are accurate, it appears obvious that there will be insufficient assets to satisfy the money judgment in full. It is therefore necessary to protect the plaintiff by requiring Mr. Shekar to post a bond in the full amount of the judgment in lieu of the commencement of collection proceedings. Should the defendant's appeal

be denied, the plaintiff will have lost valuable time in identifying and preserving any assets that may currently exist. That would be unfair. This Court can think of no reason to support a waiver of bond in this case. Indeed, Mr. Shekar has not even addressed the issue in his pleadings. If anything, this is precisely the type of case that requires either that the motion to stay be denied or that the granting of the motion be conditioned upon the filing of the bond as specified in the Court's Local Rule 62.1.  Mr. Shekar has 10 days from the date of this order to file the required bond before enforcement proceedings may be commenced.

**SO ORDERED.**                              ENTERED:   August 17, 2017

*(signature: Ronald A. Guzman)*

**RONALD A. GUZMAN**
**United States District Judge**